1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON AT TACOMA
9

10   CHIKA,                                    CASE NO.  16-6036 RJB

11                      Plaintiff,             ORDER REGARDING 12(B)(1)
                                               MOTION TO DISMISS AND
12          v.                                 NOTICE TO PRO SE PLAINTIFF

13   HOWARD CHANSKY, BORIS
     KOVALENKO MD., DR. TONG L. MD
14   AM. LK VA., ANGELA D. OR RN.
     BSN., WANDA RN AM. LK,
15
                       Defendant.
16

17          This matter comes before the Court on the United States' Motion to Dismiss for Lack of

18   Subject Matter Jurisdiction.  Dkt. 8.  The Court has considered the motion and record, and is

19   fully advised.

20                       I.      **PROCEDURAL HISTORY**

21          On October 13, 2016, Plaintiff filed this case, *pro se,* asserting that various care providers

22   at the Veteran's Administration denied or delayed him medical care. Dkt. 1-1, at 1-5.  He seeks

23   damages, and "is demanding that they pay for the air they bread [sic] by giving 7.77 cents to the

24

1  orphans and battered womens [sic] shelter and the vets of foreign wars every day 7 days a week

2  for 50 years." *Id.*

3          On January 19, 2017, the Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P.

4  12(b)(1).  Dkt. 8.   It argues that the case against it should be dismissed pursuant to Rule 12(b)(1)

5  because Plaintiff failed to file an administrative claim as required under the Federal Torts Claims

6  Act, 28 U.S.C. §§ 2675 (a), and so this court does not have jurisdiction to consider the claims.

7  *Id.*  The Defendant further argues that, to the extent that Plaintiff asserts claims related to the

8  denial of veterans' benefits, this court is divested of jurisdiction to consider those claims under

9  the Veterans' Judicial Review Act, 38 U.S.C. § 511, and so the case should be dismissed.  *Id.*

10  The motion to dismiss was noted for consideration on February 10, 2017.  *Id.*  Plaintiff did not

11  timely respond.

12          **II.      MOTION TO DISMISS NOTIFICATION FOR PRO SE LITIGANTS**

13          Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that

14  govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997),

15  including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District

16  of Washington ("Local Rules").  Plaintiff is further reminded that although his pro se pleadings

17  are held to a "less stringent standard that formal pleadings drafted by lawyers," he still must meet

18  the requirements of the rules.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

19          Pursuant to Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to

20  dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper

21  venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim

22  upon which relief can be granted; and (7) failure to join a party under Rule 19."

23

24

1   Plaintiff is notified that under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if,

2   considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does

3   not arise under the Constitution, laws, or treaties of the United States, or does not fall within one

4   of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case

5   or controversy within the meaning of the Constitution; or (3) is not one described by any

6   jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

7   *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

8   question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to

9   dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may

10  review any evidence to resolve factual disputes concerning the existence of jurisdiction.

11  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

12  (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court

13  is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*

14  *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

15  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the

16  existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*

17  *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

18  The United States relies on materials outside the pleadings in their motion to dismiss.

19  Dkt. 9.  Plaintiff is notified that this motion to dismiss "is like a motion for summary judgment in

20  that the district court will consider materials beyond the pleadings."  *Stratton v. Buck,* 697 F.3d

21  1004, 1008 (9th Cir. 2012).  Plaintiff is further notified that a party opposing the motion to

22  dismiss has the "right to file counter affidavits or other responsive evidentiary materials."  *Id.*  If

23  Plaintiff does not submit his own evidence in opposition, the motion to dismiss, if appropriate,

24

1  may be granted.  *Id.*  Plaintiff is reminded that if the motion to dismiss is granted, that may end

2  his case.

3          To the extent that the United States seeks summary dismissal of Plaintiff's Complaint

4  pursuant to Fed. R. Civ. P. 56, Plaintiff is notified that if one of the parties files a Motion for

5  Summary Judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by

6  affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that

7  there is a genuine issue for trial.  In the event defendant files a motion for summary judgment by

8  which it seeks to have his case dismissed, Plaintiff is notified that summary judgment under Rule

9  56 of the Federal Rules of Civil Procedure will, if granted, end his case.

10          Rule 56 tells Plaintiff what he must do in order to oppose a motion for summary

11  judgment.  Generally, summary judgment must be granted when there is no genuine issue of

12  material fact–that is, if there is no real dispute about any fact that would affect the result of

13  Plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of

14  law, which will end Plaintiff's case.  When a party the Plaintiff is suing makes a motion for

15  summary judgment that is properly supported by declarations (or other sworn testimony).

16  Instead, Plaintiff must set out specific facts in a verified complaint, declarations, depositions,

17  answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict

18  the facts shown in the Defendants' declarations and documents and show that there is a genuine

19  issue of material fact for trial.  If Plaintiff does not submit his own evidence in opposition,

20  summary judgment, if appropriate, may be entered against him.  If summary judgment is granted,

21  Plaintiff's case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952

22  (9th Cir. 1998).

23

24

1    If Plaintiff does not file a response providing the appropriate documentation as described

2  above, this case may be dismissed and there will be no trial.

3    **III.     RE-NOTE OF PENDING MOTION TO DISMISS**

4    Plaintiff has failed to respond to the motion.  Plaintiff is notified that pursuant to Western

5  District of Washington R. Civ. P. 7(b)(2), "[i]f a party fails to file papers in opposition to a

6  motion, such failure may be considered by the court as an admission that the motion has merit."

7  In light of Plaintiff's *pro se* status, Defendant's Motion to Dismiss for Lack of Subject Matter

8  Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 8) should be renoted to February 24,

9  2017.  Plaintiff's response, if any, should be filed by February 21, 2017 (ordinarily it would be

10 due the Monday before the noting date, but that Monday is a federal holiday).  Defendant's

11 reply, if any, should be filed by February 24, 2017.

12   **IV.     CAPTION**

13   On January 6, 2017, the Defendants filed a pleading entitled "Notice of Substitution Pursuant

14 to 28 U.S.C. § 2679(d)(1) and Certification of Annette L. Hayes in Support thereof."  Dkt. 7.  In

15 this pleading, the Attorney General for the Western District of Washington, Annette L. Hayes,

16 certified that the individually named Defendants "are federal employees for purposes of coverage

17 under the Federal Tort Claims Act, 28 U.S. C. § 1346."  Dkt. 7.

18   Pursuant to 28 U.S.C. § 2679(d)(1):

19     Upon certification by the Attorney General that the defendant employee was
       acting within the scope of his office or employment at the time of the incident out
20     of which the claim arose, any civil action or proceeding commenced upon such
       claim in a United States district court shall be deemed an action against the United
21     States under the provisions of this title and all references thereto, and the United
       States shall be substituted as the party defendant.
22
       The January 6, 2017 pleading should be construed as a motion to substitute the United
23
   States for the individually named Defendants and to amend the caption to reflect the same.  No
24

1 | opposition was filed.  The caption should be amended, replacing the "United States of America"

2 | as the defendant and removing the individual Defendants, in all further pleadings filed in this

3 | case.

4 | ### ORDER

5 | It is **ORDERED** that:

6 | • Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed.

7 | R. Civ. P. 12(b)(1) (Dkt. 8) **IS RENOTED** to February 24, 2017;

8 | • Plaintiff's response, if any, should be filed by February 21, 2017;

9 | • Defendant's reply, if any, should be filed by February 24, 2017;

10 | • The caption **SHALL** be amended to replace the individual defendants with "United

11 | States of America."

12 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and

13 | to any party appearing *pro se* at said party's last known address.

14 | Dated this 10th day of February, 2017.

ROBERT J. BRYAN
United States District Judge