|  |  |
|---|---|
| CHIKA,<br><br>                   Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Defendant. | CASE NO.  16-6036 RJB<br><br>ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 8. The Court has considered the motion and record, and is fully advised.

## I.     FACTS AND PROCEDURAL HISTORY

On October 13, 2016, Plaintiff filed this case, *pro se,* asserting that various care providers at the Veteran's Administration denied or delayed him medical care. Dkt. 1-1, at 1-5. He seeks damages, and "is demanding that they pay for the air they bread [sic] by giving 7.77 cents to the orphans and battered womens [sic] shelter and the vets of foreign wars every day 7 days a week for 50 years." *Id.*

1 On January 19, 2017, the Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 8.  It argues that the case against it should be dismissed pursuant to Rule 12(b)(1) because Plaintiff failed to file an administrative claim as required under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2675 (a), and so this court does not have jurisdiction to consider the claims.  *Id.*  The Defendant further argues that, to the extent that Plaintiff asserts claims related to the denial of veterans' benefits, this court is divested of jurisdiction to consider those claims under the Veterans' Judicial Review Act, 38 U.S.C. § 511, and so the case should be dismissed. *Id.*  The motion to dismiss was noted for consideration on February 10, 2017. *Id.*  Plaintiff did not timely respond.

On February 10, 2017, a notification was sent to Plaintiff regarding the nature of motions to dismiss under Fed. R. Civ. P. 12 (b)(1), and informing him that, if granted, his case may be dismissed.  Dkt. 10.  It was also noted that Plaintiff failed to respond to the motion.  *Id.*  Plaintiff was further notified that pursuant to Western District of Washington R. Civ. P. 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  *Id.*  The motion to dismiss (Dkt. 8) was renoted to February 24, 2017.  *Id.*  As of the date of this order, Plaintiff still has not filed a response.

## II. DISCUSSION

### A. STANDARD ON MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light

most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B.  FAILURE TO FILE AN ADMINISTRATIVE CLAIM

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b).  Pursuant to 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . .

"[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Plaintiff failed to present an administrative tort claim to the Department of Veteran Affairs before filing suit.  Accordingly, he has failed to exhaust his administrative remedies and so, there has been no waiver of sovereign immunity.  Defendant's motion (Dkt. 8) should be granted and the case dismissed.

### C. COURT IS DIVESTED OF JURISDICTION FOR CLAIMS RELATED TO THE DENIAL OF VETERAN'S BENEFITS

In *Veterans for Common Sense v. Shinseki*, the Ninth Circuit determined that the Veteran's Judicial Review Act precludes federal court jurisdiction over "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and "also to those decisions that may affect such cases."  678 F.3d. 1013, 1023-26 (9th Cir. 2012).

To the extent that Plaintiff makes claims that the VA improperly denied his request for benefits, his claims should be dismissed pursuant to the Veteran's Judicial Review Act.  Further,

to the extent that Plaintiff's claims would require a decision that may affect the VA's handling of Plaintiff's request for benefits, his claims should also be dismissed.

### III. ORDER

It is **ORDERED** that:

- Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 8) **IS GRANTED**; and

- Plaintiff's case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of February, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge